**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

WESTFIELD INSURANCE COMPANY,
Plaintiff-Appellant,

v.

No. 99-1574

IRMGARD T. CIMINO; JOSEPH P.
CIMINO,
Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of West Virginia, at Wheeling.
Frederick P. Stamp, Jr., Chief District Judge.
(CA-97-97-5)

Argued: February 29, 2000

Decided: May 16, 2000

Before WILKINS, WILLIAMS, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Ellen R. Archibald, KESNER, KESNER & BRAMBLE,
Charleston, West Virginia, for Appellant. John Porco, SCHRADER,
BYRD & COMPANION, P.L.L.C., Wheeling, West Virginia, for
Appellees. **ON BRIEF:** Brent K. Kesner, KESNER, KESNER &
BRAMBLE, Charleston, West Virginia, for Appellant. Ray A. Byrd,
SCHRADER, BYRD & COMPANION, P.L.L.C., Wheeling, West
Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Westfield Insurance Company ("Westfield") appeals the district court's award of summary judgment to Irmgard T. Cimino in this diversity action for declaratory relief authorized by 28 U.S.C. § 2201. Westfield filed suit to determine its obligations, if any, under a home-owners' insurance policy it issued to Mrs. Cimino and her husband, Joseph.

On December 17, 1996, Joseph Cimino set fire to the couple's house, causing substantial damage to the structure and its contents. Mrs. Cimino, having separated from her husband, was not then resid-ing at the marital home; it is undisputed that she was wholly unin-volved with the arson. Mrs. Cimino subsequently filed a claim under the homeowners' policy for the resultant loss. Westfield denied the claim, citing a policy provision excluding coverage in toto for losses intentionally caused by "an" insured.

The district court observed that Westfield's policy was not in com-pliance with West Virginia law, which permits only those losses deliberately caused by "the" insured to be excluded. See W. Va. Code § 33-17-2 (Michie 1996) (requiring policies of fire insurance to con-form to the "West Virginia standard fire policy"). Upon examining the relevant authorities, see Liberty Mut. Ins. Co. v. Triangle Indus., Inc., 957 F.2d 1153, 1156 (4th Cir. 1992), the district court predicted that the Supreme Court of Appeals of West Virginia would construe the standard policy to require that Westfield pay Mrs. Cimino the value of her undivided one-half interest in the insured property. The court thus granted Westfield's motion for summary judgment against Joseph Cimino, but denied the same with regard to Mrs. Cimino, instead entering judgment on her behalf.

We have considered the briefs and arguments of the parties, and we agree with the district court that, pursuant to the law of West Virginia,

2

Mrs. Cimino is entitled to recovery under the policy. We therefore affirm the judgment below for the reasons stated by the district court in its memorandum opinion. <u>Westfield Ins. Co. v. Cimino</u>, No. CA-97-97-5 (N.D. W. Va., March 29, 1999).

<u>AFFIRMED</u>

3